## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

      *Plaintiff*,

    v.

U.S. DEPARTMENT OF STATE,

      *Defendant*.

Civil Action No. 20-1729 (TJK)

## <u>ORDER</u>

Defendant United States Department of State ("State") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asking the Court to bar this suit, brought by Plaintiff Judicial Watch, Inc. ("Judicial Watch"), on the grounds of res judicata and collateral estoppel. "A motion for judgment on the pleadings pursuant to Rule 12(c) may be granted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Fox v. District of Columbia*, 924 F. Supp. 2d 264, 268 (D.D.C. 2013) (quoting *Longwood Vill. Rest. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001)). For the reasons explained below, State has failed to show that res judicata and collateral estoppel apply, and so the Court will deny the motion.

On October 31, 2017, Judicial Watch submitted a FOIA request that sought, among other things, "[a]ny and all requests for . . . records submitted to any Intelligence Community member agency by former United States Ambassador to the United Nations Samantha Power[] concerning, regarding, or relating to . . . [t]he identities of U.S. citizens associated with the Trump presidential campaign or transition team who were identified pursuant to intelligence collection activities." *See Judicial Watch v. Dep't of State*, 373 F. Supp. 3d 142, 144 (D.D.C.

CONFIDENTIAL DRAFT

2019).  State asserted a *Glomar* response, and on March 13, 2019, this Court upheld the propriety of that response and granted summary judgment for State.[1]  *Id.* at 149.

A few weeks later, on May 29, 2019, Judicial Watch submitted the FOIA request at issue in this case, which is identical to the one it submitted in 2017.  ECF. No. 1 ("Compl.") ¶ 5.  Almost a year later, on May 13, 2020, Acting Director of National Intelligence Richard Grenell released a newly declassified memorandum and accompanying list ("the Grenell Memorandum") that identified officials who submitted requests to the National Security Agency to "unmask" the identity of Lt. General Michael Flynn in foreign intelligence reports.  *See* Compl. ¶ 9 & ECF No. 1-1.  The Grenell Memorandum showed that Ambassador Power or persons acting on her behalf made seven such requests.  *Id.*  The next month, on June 24, 2020, Judicial Watch filed this suit, alleging that the Grenell Memorandum waived any *Glomar* response, at least as to the requests made by Ambassador Power to "unmask" Lt. General Flynn.  Compl. ¶ 10 ("Accordingly, Defendant's earlier *Glomar* response has been superseded by intervening events.").

Res judicata bars a later lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).  However, "[i]t is clear that res judicata does not preclude claims based on facts not yet in existence at the time of the original action, or when changed circumstances alter the legal issues involved."  *ACLU v. Dep't. of Justice*, 321 F. Supp. 2d 24, 34 (D.D.C. 2004) (cleaned up).

---

[1] This type of FOIA response received its name from *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), in which the CIA refused to confirm or deny whether records existed relating to a ship named *Hughes Glomar Explorer.  See Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007).

CONFIDENTIAL DRAFT

The problem with State's argument is that the Grenell Memorandum did not exist when the earlier lawsuit about Judicial Watch's original request was pending.  Thus, Judicial Watch could not have raised claims based on it, and it has changed the legal issues involved in this case. As the D.C. Circuit has instructed, res judicata "does not bar a litigant from doing in the present what he had no opportunity to do in the past." *Drake v. F.A.A.*, 291 F.3d 59, 67 (D.C. Cir. 2002). "Thus, rather than seeking to relitigate issues that were decided in" the previous case, Judicial Watch's claim in this case "present[s] a new question"—whether the records it seeks are "properly withheld in light of the [Acting Director of National Intelligence's] declassification decision." *ACLU*, 321 F. Supp. 2d at 34.  And for similar reasons, collateral estoppel gets State no further.  Collateral estoppel requires that "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case." *Mead v. Lindlaw*, 839 F. Supp. 2d 66, 71 (D.D.C. 2012).  But the Grenell Memorandum injects a new, and potentially decisive, issue into the case.

Even so, State argues that res judicata and collateral estoppel bar Judicial Watch's claims because the Court may not consider the effect of the Grenell Memorandum for another reason. State contends that "[a]s a general rule, an agency's decision on a FOIA request is evaluated at the time it is made, not based on 'post-response occurrences.'"  ECF No. 12 at 9 (citing *ACLU v. NSA*, 925 F.3d 576, 602 (2d Cir. 2019)).  Thus, State argues, its decision to invoke a *Glomar* response to Judicial Watch's 2017 FOIA request cannot be affected by later developments like the Grenell Memorandum.  But this case is not about State's response to Judicial Watch's 2017 request; it is about State's response to its 2019 request.  Still, State counters, even when Judicial Watch made its 2019 request, the Grenell Memorandum did not yet exist.  Perhaps this argument would have had more force if State had responded to Judicial Watch's 2019 request by simply

CONFIDENTIAL DRAFT

invoking *Glomar* again.  But, the parties agree, it did not respond at all.  For this reason, the Grenell Memorandum is not a "post-response" event that the Court may not consider in evaluating State's decision not to provide the requested records.

For the reasons explained above, it is hereby **ORDERED** that State's Motion for Judgment on the Pleadings, ECF No. 12, is **DENIED**.  Further, it is **ORDERED** that by June 25, 2021, the parties shall meet, confer, and submit a joint proposed schedule for summary judgment briefing, at which time the parties may address the effect of the Grenell Memorandum, and whether it waives a *Glomar* response to Judicial Watch's request.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 2, 2021